UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH MIDGETT,

        Petitioner,

v.                                                                  Case No. 09-cv-13654
                                                                      Honorable Thomas L. Ludington
CINDI CURTIN,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO STAY PETITION FOR WRIT OF HABEAS
CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

On September 15, 2009, Petitioner Elijah Midgett filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at Oaks Correctional Facility in Manistee, Michigan, is challenging his convictions for two counts of operating a vehicle under the influence of liquor causing death, Mich.Comp.Laws § 257.625(4), and two counts of operating a motor vehicle with a suspended license causing death, Mich.Comp.Laws § 257.904(4). Before the Court is Petitioner's request to hold his habeas petition in abeyance in order to permit him an opportunity to exhaust his newly discovered claims. (Dkt. # 3.)

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he recently discovered new claims which are essential to his pending habeas petition. However, he has not exhausted those claims in state court, and, therefore, he seeks a stay to permit exhaustion of those claims by filing a motion for relief from judgment in the trial court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post conviction proceedings, provided there is good cause for

failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner Contends that his unexhausted claims were not presented in state court because they are newly discovered. Petitioner has asserted good cause for failing to present those claims in state court, and he has demonstrated that he has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the court will grant the request and stay further proceedings in this matter pending Petitioner's exhaustion of his claims in the state courts.

Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. It does not appear that Petitioner filed any post conviction motions. Therefore, an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *Id.* Further, he must ask this court to lift the stay within sixty days of exhausting his state court remedies. *Id.* If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.*

Accordingly, it is **ORDERED** that Petitioner's request to hold his habeas petition in abeyance [dkt. # 3] is **GRANTED**. If Petitioner does not file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the court will dismiss the petition

for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS